IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| TIDEOUS LEE, | : | |
| | : | |
| Plaintiff, | : | Case No. 3:22-CV-00106-CDL-CHW |
| | : | |
| v. | : | |
| | : | |
| Detective GEE, | : | Proceedings Under 42 U.S.C. §1983 |
| Sergeant SILVERBERG, | : | Before the U. S. Magistrate Judge |
| Detective BAILEY, | : | |
| | : | |
| Defendants. | : | |

### ORDER

This case is currently before the Court for screening as required by the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915A(a).  *Pro se* Plaintiff Tideous Lee, a prisoner at the Riverbend Correctional Facility in Milledgeville, Georgia, filed this 42 U.S.C. § 1983 complaint.  ECF No. 1.  He also filed a motion for leave to proceed *in forma pauperis* (ECF No. 6) which was granted with the statutory provision that Plaintiff pay a partial initial filing fee (ECF No. 9).  Plaintiff has now paid that fee.  Upon preliminary review, Plaintiff may proceed with his Eighth Amendment excessive force claim against Defendants Gee and Bailey as well as his failure to intervene claim against Defendant Silverberg for further factual development.

**PRELIMINARY REVIEW OF PLAINTIFF'S COMPLAINT**

I.     Standard of Review

The Prison Litigation Reform Act ("PLRA") obligates the district courts to conduct

a preliminary screening of every complaint filed by a prisoner who seeks redress from a government entity, official, or employee. *See* 28 U.S.C. § 1915A(a). Screening is also required under 28 U.S.C. § 1915(e) when the plaintiff is proceeding IFP. Both statutes apply in this case, and the standard of review is the same. When conducting preliminary screening, the Court must accept all factual allegations in the complaint as true. *Boxer X v. Harris*, 437 F.3d 1107, 1110 (11th Cir. 2006) *abrogated in part on other grounds by Wilkins v. Gaddy*, 559 U.S. 34 (2010); *Hughes v. Lott*, 350 F.3d 1157, 1159-60 (11th Cir. 2003). *Pro se* pleadings, like the one in this case, are "'held to a less stringent standard than pleadings drafted by attorneys and will, therefore, be liberally construed.'" *Hughes*, 350 F.3d at 1160 (citation omitted). Still, the Court must dismiss a prisoner complaint if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b).

A claim is frivolous if it "'lacks an arguable basis either in law or in fact.'" *Miller v. Donald*, 541 F.3d 1091, 1100 (11th Cir. 2008) (citation omitted). The Court may dismiss claims that are based on "'indisputably meritless legal'" theories and "'claims whose factual contentions are clearly baseless.'" *Id.* (citation omitted). A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and

cannot "'merely create[] a suspicion [of] a legally cognizable right of action.'" *Twombly*, 550 U.S. at 555 (citation omitted). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

To state a claim for relief under § 1983, a plaintiff must allege that (1) an act or omission deprived him of a right, privilege, or immunity secured by the Constitution or a statute of the United States; and (2) the act or omission was committed by a person acting under color of state law. *Hale v. Tallapoosa Cty.*, 50 F.3d 1579, 1582 (11th Cir. 1995). If a litigant cannot satisfy these requirements or fails to provide factual allegations in support of his claim or claims, the complaint is subject to dismissal. *See Chappell v. Rich*, 340 F.3d 1279, 1282-84 (11th Cir. 2003).

II. <u>Plaintiff's Allegations</u>

Plaintiff states that on December 12, 2020, he was pulled over by Detective Gee of the Monroe City Police Department. ECF No. 1 at 3. Plaintiff complains that "[a]s soon as [he] complied with Det. Gee to get out of the vehicle [he] was placed in handcuffs and physically assaulted by both Det. Gee and Det. Bailey". *Id*. at 3-4. Plaintiff claims that while he was restrained, Det. Gee repeatedly punched him in the face and Det. Bailey used his stun gun on him. *Id*. at 4. He further claims that during the traffic stop, "Sgt. Silverberg arrived and escalated the situation". *Id*. at 3. Plaintiff states that "the incident required EMS to be called to tend to [his] injuries, 1) cut above [his] left eyebrow, and 2)

3

severe neck pains that still persist". *Id*. at 4. Lastly, Plaintiff complains that "[t]his procedure of racism and systemic profiling resulted in [him] suffering from neck spasms, headaches, routine vision problems and a constant numbness in [his] right arm." *Id*. Plaintiff requests a "proper investigation into the procedures employed by the City of Monroe Police Dept. towards African Americans"[1] and "any and all other relief this Court deems proper". *Id*.

### III. Plaintiff's Claims and Analysis

#### A. *Excessive force claim against Defendants Gee and Bailey*

"[I]n deciding whether force deliberately used against a pretrial detainee is constitutionally excessive in violation of the Fourteenth Amendment, 'the pretrial detainee must show only that the force purposely or knowingly used against him was objectively unreasonable.'" *Shuford v. Conway*, 666 F. App'x 811, 816-17 (11th Cir. 2016) (quoting *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015)). "The objective-reasonableness determination must be made 'from the perspective of a reasonable officer on the scene.'" *Id.* In determining whether the amount of force used was objectively reasonable, the Court must consider "the facts and circumstances of [the] particular case," including "the relationship between the need for use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of

---

[1] United States District Courts do not have jurisdiction to institute criminal proceedings or the authority to order state or federal law enforcement agencies or prosecutors to initiate investigations or prosecutions. *Otero v. U. S. Attorney Gen.*, 832 F.2d 141, 141 (11th Cir. 1987).

force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting." *Kingsley*, 135 S. Ct. at 2473.

Plaintiff alleges that Defendants Gee and Bailey assaulted him all while Plaintiff was handcuffed or otherwise restrained. ECF No. 1 at 4-5. Plaintiff's Eighth Amendment claim against these Defendants for use of excessive force on a pretrial detainee can proceed for further factual development.

## B. *Failure to Intervene Claim against Defendant Silverberg*

Plaintiff does not allege that he was assaulted by Defendant Silverberg. *See* ECF No. 1 at 4-5. Instead, he alleges that Defendant Silverberg was present during his assault by Defendants Gee and Bailey and that Defendant Silverberg "escalated the situation". *Id*. at 4. Based upon these allegations, this Court will construe Plaintiff's claim as to Defendant Silverberg as an Eighth amendment claim for failure to intervene.[2]

"It is not necessary that a police officer actually participate in the use of excessive force in order to be held liable under section 1983." *Fundiller v. City of Cooper City*, 777 F.2d 1436, 1441 (11th Cir. 1985). Rather, "an officer can be liable for failing to intervene

---

[2] Although Plaintiff's complaint does not expressly refer to a failure to intervene claim, the Court is required to consider potentially mislabeled claims if the facts to state a cognizable claim "are clearly present in a *pro se* complaint." *Ford v. Hunter*, 534 Fed.Appx. 821, 825 (11th Cir. 2013); s*ee also Biggers v. Davis*, No. 5:16-CV-00532-MTT-CHW, 2017 WL 9440377, at *5 (M.D. Ga. Mar. 1, 2017), *report and recommendation adopted as modified*, No. 5:16-CV-532 (MTT), 2017 WL 2079650 (M.D. Ga. May 15, 2017); *O'Berry v. State Attny's Office*, 241 Fed.Appx. 654, 657 (11th Cir. 2007) (stating that the district court is "obligated, as part of its screening protocol, to seek out and identify any and all cognizable claims of the plaintiff").

when another officer uses excessive force". *Priester v. City of Riviera Beach*, 208 F.3d 919, 924 (11th Cir. 2000) (citing *Ensley v. Soper*, 142 F.3d 1402, 1407–08 (11th Cir. 1998)); *Sebastian v. Ortiz*, 918 F.3d 1301, 1312 (11th Cir. 2019) ("[I]f a police officer, whether supervisory or not, fails or refuses to intervene when a constitutional violation such as an unprovoked beating takes place in his presence, the officer is directly liable under Section 1983." (quoting *Ensley*, 142 F.3d at 1407)); *Bailey v. City of Miami Beach*, 476 F. App'x 193, 196–97 (11th Cir. 2012) (no qualified immunity for officer who watched for two or three minutes while two of his fellow officers "attacked" plaintiff). However, "[t]o be held liable, the officer must both be 'in a position to intervene' and 'fail[ ] to do so' [and] there also must be an underlying constitutional violation." *Sebastian*, 918 F.3d at 1312 (quoting *Priester*, 208 F.3d at 924).

Plaintiff alleges that Defendant Silverberg escalated the assault upon him rather than attempting to stop it. Liberally construed, Plaintiff's Eighth Amendment claim against Defendant Silverberg for failure to intervene is sufficient to proceed for further factual development.

## ORDER FOR SERVICE

It is accordingly **ORDERED** that service be made on Defendants and that they file an Answer, or such other response as may be appropriate under Rule 12, 28 U.S.C. § 1915, and the Prison Litigation Reform Act. Defendants are reminded of the duty to avoid unnecessary service expenses, and of the possible imposition of expenses for failure to waive service pursuant to Rule 4(d).

## DUTY TO ADVISE OF ADDRESS CHANGE

During the pendency of this action, all parties shall keep the Clerk of this Court and all opposing attorneys and/or parties advised of their current address. Failure to promptly advise the Clerk of a change of address may result in the dismissal of a party's pleadings.

## DUTY TO PROSECUTE ACTION

Plaintiff is also advised that he must diligently prosecute his Complaint or face the possibility that it will be dismissed under Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute. Defendant is similarly advised that she is expected to diligently defend all allegations made against her and to file timely dispositive motions as hereinafter directed. This matter will be set down for trial when the Court determines that discovery has been completed and that all motions have been disposed of or the time for filing dispositive motions has passed.

## FILING AND SERVICE OF MOTIONS, PLEADINGS, AND CORRESPONDENCE

It is the responsibility of each party to file original motions, pleadings, and correspondence with the Clerk of Court. A party need not serve the opposing party by mail if the opposing party is represented by counsel. In such cases, any motions, pleadings, or correspondence shall be served electronically at the time of filing with the Court. If any party is not represented by counsel, however, it is the responsibility of each opposing party to serve copies of all motions, pleadings, and correspondence upon the unrepresented party and to attach to said original motions, pleadings, and correspondence filed with the Clerk of Court a certificate of service indicating who has been served and

where (i.e., at what address), when service was made, and how service was accomplished.

## DISCOVERY

Plaintiff shall not commence discovery until an answer or dispositive motion has been filed on behalf of the Defendant from whom discovery is sought by the Plaintiff. The Defendant shall not commence discovery until such time as an answer or dispositive motion has been filed. Once an answer or dispositive motion has been filed, the parties are authorized to seek discovery from one another as provided in the Federal Rules of Civil Procedure. The deposition of the Plaintiff, a state/county prisoner, may be taken at any time during the time period hereinafter set out provided prior arrangements are made with his custodian. **Plaintiff is hereby advised that failure to submit to a deposition may result in the dismissal of his lawsuit under Rule 37 of the Federal Rules of Civil Procedure.**

IT IS HEREBY ORDERED that discovery (including depositions and the service of written discovery requests) shall be completed within 90 days of the date of filing of an answer or dispositive motion by the Defendant (whichever comes first) unless an extension is otherwise granted by the court upon a showing of good cause therefor or a protective order is sought by the defendant and granted by the court. This 90-day period shall run separately as to Plaintiff and Defendant beginning on the date of filing of Defendant's answer or dispositive motion (whichever comes first). The scheduling of a trial may be advanced upon notification from the parties that no further discovery is contemplated or that discovery has been completed prior to the deadline.

Discovery materials shall not be filed with the Clerk of Court. No party shall be required to respond to any discovery not directed to him/her or served upon him/her by the opposing counsel/party. The undersigned incorporates herein those parts of the **Local Rules** imposing the following limitations on discovery: except with written permission of the court first obtained, **interrogatories** may not exceed TWENTY-FIVE (25) to each party, **requests for production of documents and things** under Rule 34 of the Federal Rules of Civil Procedure may not exceed TEN (10) requests to each party, and **requests for admissions** under Rule 36 of the Federal Rules of Civil Procedure may not exceed FIFTEEN (15) requests to each party. No party shall be required to respond to any such requests which exceed these limitations.

## REQUESTS FOR DISMISSAL AND/OR JUDGMENT

The Court shall not consider requests for dismissal of or judgment in this action, absent the filing of a motion therefor accompanied by a brief/memorandum of law citing supporting authorities. Dispositive motions should be filed at the earliest time possible, but in any event no later than one hundred - twenty (120) days from when the discovery period begins unless otherwise directed by the Court.

**SO ORDERED**, this 14th day of March, 2023.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge